O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR12-880-CAS |
| Plaintiff, ) | |
| v. ) | REVOCATION OF SUPERVISED |
| ALVIN J. HARE, ) | RELEASE AND JUDGMENT |
| Defendant. ) | |
| _____ ) | |

On January 7, 2013, January 24, 2013 and February 14, 2013, this matter came before the Court on Petition on Probation and Supervised Release originally filed on October 2, 2012 and February 14, 2013. Government counsel, Aaron Ketchel, the defendant and his appointed attorney, Liliana Coronado, Deputy Federal Public Defender, were present. The U.S. Probation Officer, Richard An, was also present.

The defendant denied allegations 1 and 2 of the petition filed October 2, 2013. The Court found defendant in violation of his supervised release, as to allegations 1 and 2 of the petition filed October 2, 2012, and the government moves to dismiss allegation 3 of the petition filed February 14, 2013. The Court further finds that the defendant is in violation of the terms and conditions of her supervised release imposed on August 13, 2009 and July 24, 2012.

IT IS ORDERED AND ADJUDGED, upon the findings of the Court, defendant's supervised release is hereby revoked. The defendant is committed to the custody of the

Bureau of Prisons for a period of time served. Upon release from imprisonment, defendant shall be placed on supervised release for a period of eighteen (18) months, under the following terms and special conditions:

1) For the first ninety (90) days, the defendant shall reside at a residential re-entry center (RRC), under the community corrections component, for a period not to exceed ninety (90) days, and shall comply with all rules and regulations of the RRC, until discharged by the program director, with the approval of the Probation Officer. Bond will be discharged upon defendant's surrender into the RRC;

2) The defendant shall participate, for a period not to exceed sixty (60) days, in a home detention program component of the Location Monitoring Program, which may include electronic monitoring, GPS, Alcohol Monitoring Unit or automated identification system; the defendant shall observe all rules of such program, as directed by the Probation Officer; the defendant shall maintain a residential telephone line without devices and/or services that may interrupt operation of the monitoring equipment; the cost of electronic monitoring shall be waived;

3) The defendant shall comply with General Order 05-02;

4) The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment, and at least two (2) periodic drug tests thereafter, not to exceed eight (8) tests per month, as directed by the Probation Officer, pursuant to 18 USC 3583(d);

5) The defendant shall participate in a cognitive behavioral treatment program as directed by the Probation Officer, if deemed necessary by the Probation Officer. The defendant shall be required to contribute to the cost of the services rendered (co-payment) in an amount to be determined by the Probation Officer, based on his ability to pay;

6) The defendant shall participate in a workforce development program or other similar program, which includes occupational/career development, including but not limited to assessment, testing, education, training classes, career guidance, employment search, and retention services, as directed by the Probation Officer;

7) The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes uranalysis , saliva and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of treatment; and

8) The outpatient substance treatment requirement shall be suspended while the offender is successfully participating in random drug testing but can be enforced by the Probation Officer upon the determination of a return to substance abuse.

IT IS ORDERED that the Clerk deliver a copy of this judgment to the United States Marshal or other qualified officer and that said copy shall serve as the commitment of defendant.

FILE/DATED:  February 15, 2013

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

TERRY NAFISI, CLERK

By: ___/S/_____
Catherine M. Jeang,  Deputy Clerk